

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| EMR:RAS/JOE | *271 Cadman Plaza East* |
| F. #2020R00806 | *Brooklyn, New York 11201* |

April 5, 2024

By E-mail

Erica Vest
United States Probation Officer
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201
E-mail: erica_vest@nyep.uscourts.gov

        Re:    United States v. Davis Burgos-Collazo,
                   Criminal Docket No. 20-CR-492 (PKC)

Dear Probation Officer Vest:

        The government writes in response to the defendant's February 27, 2024 objection (the "Defendant's PSR Objections") to the United States Probation Department's ("Probation") Presentence Investigation Report prepared August 4, 2023 (the "PSR").

        The government submits the following:

        **Paragraph 21**:  The government agrees to the removal of the statement that the defendant demanded that the two victims agree to engage in sexually explicit conduct over video chats, but submits that the remainder of the paragraph is appropriately included as relevant conduct.  See United States v. Watts, 519 U.S. 148, 157 (1997) ("We therefore hold that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."); United States v. Tapia, No. 21-CR-1674, 2023 WL 2942922, at *1 (2d Cir. Apr. 14, 2023) ("Longstanding precedent establishes that a court may consider acquitted conduct to determine sentencing.").  In place of the statement that the defendant refused to delete Jane Doe #4's images unless the victims agreed to engage in sexually explicit conduct, the last sentence of the paragraph should reflect that the defendant refused to take the images down unless the victims said "something" that Jane Doe #4 was too uncomfortable to repeat in Court, (Tr. 467-68, 470-73), and that the Instagram records reflect that the statement the defendant demanded the victims say, which Jane Doe #4 was too uncomfortable to state in Court, was "Babe let me suck your cock," (Tr. 467-68, 470-73; see also GX 23-002).

        **Paragraph 24**:  The government agrees that the defendant was arrested October 26, 2020.

**Paragraph 92**: The government agrees to the clarification that the defendant was indicted on two counts of a criminal sexual act in the first degree and seven counts of criminal sexual abuse in the first degree.

**Paragraph 104**: The government takes no position on this objection.

**Paragraph 117**: The government takes no position on this objection.

**Paragraph 132**: For the reasons stated below, the 35-year mandatory minimum is applicable to the defendant's convictions pursuant to Counts four through six and nine through ten due to the defendant's two prior convictions for sexual misconduct with minors.

I. The Defendant's Prior Convictions Fall Within the Scope of the Statutory Sentencing Enhancements

First, the defendant argues that his prior convictions for Attempted Criminal Sexual Act in the First Degree: Victim Less Than 11 Years Old, Sexual Abuse in the First Degree: Sexual Contact with Individual Less Than 11 Years Old, and Attempted Criminal Sexual Act in the First Degree: Victim Less Than 11 Years Old do not fall within the scope of the conduct defined in 18 U.S.C. § 2251(e) warranting the enhanced penalty provisions.

The relevant language in 18 U.S.C. § 2251(e) is as follows:

> if [a person who violates, or attempts or conspires to violate § 2251] has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life.

18 U.S.C. § 2251(e).

The defendant specifically argues that state crimes of which he was convicted do not relate to the sexual exploitation of children because they do not involve a visual depiction of the sexual abuse of a child.[1] In making this argument, the defendant relies on United States v. Schopp, 938 F.3d 1053, 1061 (9th Cir. 2019). However, to the government's knowledge, every other circuit court to have considered this question has found that, contrary to the holding in Schopp, conduct like the defendant's qualifies as conduct warranting the enhanced penalties. See, e.g., United States v. Moore, 71 F.4th 392, 394 (5th Cir. 2023) (finding the defendant's prior convictions for indecency with a child constituted sexual exploitation of children for purposes of a sentencing enhancement under § 2251 because "the phrase 'relating to the sexual

---

[1] The defendant's argument is inapplicable to the enhancement under 18 U.S.C. § 2251(e) based on one prior conviction. Thus, even under the defendant's interpretation of the statute, the defendant faces a mandatory minimum of 25 years with a maximum sentence of 50 years for the Section 2251 convictions.

exploitation of children' refers to any criminal sexual conduct involving children"); United States v. Winczuk, 67 F. 4th 11, 12, 18 (1st Cir. 2023) ("join[ing] the views of the Third, Fourth, Sixth, and Eighth Circuits" in finding that the phrase "relating to the sexual exploitation of children" is not limited only to the production of child pornography and instead "unambiguously refers to any criminal sexual conduct involving children"); United States v. Sykes, 65 F.4th 867, 889 (6th Cir. 2023) ("The plain meaning of Section 2251(e) evinces a Congressional intent to define 'sexual exploitation of children' to extend to child-sexual-abuse offenses as well as child-pornography-related offenses."); see also United States v. Smith, 367 F.3d 748, 751 (8th Cir. 2004) ("[T]he term [sexual exploitation of children] unambiguously refers to any criminal sexual conduct with a child."); United States v. Mills, 850 F.3d 693, 697 (4th Cir. 2017) ("[F]or the purposes of 18 U.S.C. § 2251, 'sexual exploitation of children' means to take advantage of children for selfish and sexual purposes."); United States v. Pavulak, 700 F.3d 651, 674 (3rd Cir. 2012) (rejecting defendant's argument that the meaning of "sexual exploitation of children" in the context of Section 2251(e) is limited to crimes involving visual depictions).

### A. Plain Meaning

The plain meaning of the statutory text supports the majority circuit view that state crimes relating to the sexual exploitation of children extend beyond those involving visual depictions of child sexual abuse. As a preliminary matter, "[t]he ordinary meaning of the term 'relating to' is 'broad' and means 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" Moore, 71 F. 4th at 399-400. "It thus makes sense to interpret the phrase 'relating to the sexual exploitation of children' in a broad sense, such as any criminal sexual conduct involving children." Id. at 400; see also United States v. Ragonese, 47 F. 4th 106, 111 (2d Cir. 2022) ("Congress's use of the phrase 'relating to' sought to recognize variation in the diverse state sexual misconduct laws that could lead to predicate offenses under Section 2252A(b)(1) and (b)(2)." (internal quotation marks and citation omitted)); Winczuk, 67 F. 4th at 17 (finding the term "relating to" further expands the breadth of the phrase "sexual exploitation of children").

With respect to the phrase "sexual exploitation of children," when the "phrase was added to the statute in 1996, . . . Black's Law Dictionary did not define 'sexual exploitation,' much less 'sexual exploitation of children.'" Winczuk, 67 F. 4th at 16. However, Black's Law Dictionary, did define "exploitation" as "[t]aking unjust advantage of another for one's own advantage or benefit." Id. "Contemporary non-legal dictionaries reflect a similar understanding of the term 'exploitation.'" Id. "In a later, but roughly contemporary definition of 'sexual exploitation,' Black's Law Dictionary defined that term as '[t]he use of a person, esp. a child, in prostitution, pornography, or other sexually manipulative activity that has caused or could cause serious emotional injury.'" Id. at 17 (quoting Sexual Exploitation, Black's Law Dictionary (8th ed. 2004)). As the First Circuit noted, "[t]his definition goes well beyond" the "production of child pornography," expressly including "other sexually manipulative activity using children" and reflecting the "special vulnerability of children." Id.; see also Sykes, 65 F. 4th at 887 ("[T]he plain meaning of 'sexual exploitation' is broad and covers 'the use of a person, esp[ecially] a child, in prostitution, pornography, or other sexually manipulative activity.'" (quoting Black's Law Dictionary (11th ed. 2019)).

3

B. <u>Statutory Context</u>

Beyond the plain meaning of the phrase, the statutory context further supports the conclusion that the phrase "relating to the sexual exploitation of children" extends well beyond crimes involving the visual depiction of children. The phrase "appears at the end of a list of federal predicates" that "criminalize a broad range of sexual conduct related to minors." <u>Winczuk</u>, 67 F. 4th at 17. "The breadth of these neighboring predicates makes [the defendant's] narrow interpretation directly contrary to congressional intent." <u>Id.</u>; see also <u>Sykes</u>, 65 F. 4th at 885 ("'It is implausible that Congress intended to include so many prior federal offenses but chose to restrict qualifying state offenses to child pornography production.'" (quoting <u>United States v. Sanchez</u>, 440 F. App'x 436 (6th Cir. 2011)); <u>Sykes</u>, 65 F. 4th at 887 ("The broad list of federal offenses in such close proximity to convictions 'under the laws of any State relating to the sexual exploitation of children' suggests a congressional intent to focus on a broad array of state sexual offenses against children, rather than only state child-pornography offenses."); <u>Pavulak</u>, 700 F.3d at 675 ("[G]iven that Congress kept so many prior <u>federal</u> offenses that trigger the thirty-five-to-life category, it is implausible that Congress simultaneously chose to restrict qualifying <u>state</u> offenses to child pornography production." (internal quotation marks and citation omitted)).

C. <u>Amendment History</u>

The amendment history of the statute further undermines the defendant's position. Section 2251's statutory history is laid out in detail in <u>Winczuk</u>, and is copied below:

> Section 2251 was originally enacted in 1978. <u>See</u> Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. No. 95-225, § 2(a), 92 Stat. 7, 7 (1978). At that time, its penalty provision provided for a recidivist enhancement if a defendant had a prior conviction "under this section." <u>Id.</u> In 1986, Congress amended § 2251 to expand its substantive reach to, inter alia, advertising related to child pornography. <u>See</u> Child Sexual Abuse and Pornography Act of 1986, Pub. L. No. 99-628, §§ 1-3, 100 Stat. 3510, 3510. In 1994, Congress amended § 2251's penalty provision by expanding the predicates for the recidivist enhancement from prior convictions under "this section" to those under "this chapter or chapter 109A," the latter of which addresses sexual abuse. <u>See</u> Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 160001, 108 Stat. 1796, 2037; 18 U.S.C. ch. 109A.
>
> In 1996, Congress adopted § 2251's current two-step structure of recidivist minimums and broadened the list of predicates to include state convictions. <u>See</u> Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, div. A, tit. I, § 121(4), 110 Stat. 3009-26, 3009-30. The 1996 amendments introduced the language at issue here: both recidivist minimums were triggered where a defendant had (either one or two) prior convictions "under this chapter or

4

chapter 109A, or under the laws of any State <u>relating to the sexual exploitation of children</u>." <u>Id.</u> (emphasis added). These amendments were accompanied by findings detailing Congress's concern with the close connection between child pornography and child sexual abuse. <u>See</u> <u>id.</u> § 121(1).

Congress later added even more federal predicates. <u>See</u> Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314, § 201(c), 112 Stat. 2974, 2977 (adding convictions under "chapter 117"); PROTECT Act, Pub. L. No. 108-21, § 507, 117 Stat. 650, 683 (2003) (adding convictions under "chapter 71" and under "section 920 of title 10 (article 120 of the Uniform Code of Military Justice)"). The 2003 amendments were accompanied by congressional findings identifying "those who sexually exploit [children]" as "including both child molesters and child pornographers." PROTECT Act § 501(2).

While the statute stood in this form, two courts of appeals interpreted the phrase "relating to the sexual exploitation of children." In <u>United States v. Randolph</u>, 364 F.3d 118 (3d Cir. 2004), the Third Circuit rejected the argument that this was "a term of art relating exclusively to crimes involving the production of [child pornography]" and held that it encompassed child molestation. <u>Id.</u> at 122 (citing <u>United States v. Galo</u>, 239 F.3d 572, 581-83 (3d Cir. 2001)). And in <u>United States v. Smith</u>, the Eighth Circuit rejected the same argument and held that the term "unambiguously refers to any criminal sexual conduct with a child" because "[b]y its very nature, any criminal sexual conduct with a child takes advantage of, or exploits, [the] child sexually." 367 F.3d at 751. Thus, even before the next amendments further broadened the substantive reach of § 2251 and its sentencing provisions, the phrase "relating to the sexual exploitation of children" was understood as not being limited to the production of child pornography.

Congress amended the penalty provision to its current form in the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"). <u>See</u> Pub. L. No. 109-248, § 206(b)(1), 120 Stat. 587, 613-14. In an amendment titled "[i]ncreased penalties for sexual offenses against children," Congress replaced the phrase "sexual exploitation of children" "the first place it appears" (i.e., the 25-year minimum) with the phrase "aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." <u>Id.</u> Congress did not amend the 35-year minimum, leaving the "relating to the sexual exploitation of children"

5

> language unchanged. See id. In a different section of this Act, Congress authorized additional funding to prosecute offenses "relating to the sexual exploitation of children." Id. § 704. Congress defined that term broadly, for purposes of the section, as including "any offense" committed in violation of 18 U.S.C. chs. 109B or 110, or of 18 U.S.C. chs. 71, 109A, or 117 involving a victim who is a minor, or of 18 U.S.C. § 1591. Id.
>
> Later amendments further expanded § 2251's substantive scope. See Effective Child Pornography Prosecution Act of 2007, Pub. L. No. 110-358, § 103, 122 Stat. 4001, 4002-03 (2008) (clarifying types of covered transmissions); PROTECT Our Children Act of 2008, Pub. L. No. 110-401, § 301, 122 Stat. 4229, 4242 (prohibiting broadcast of live images of child abuse). The PROTECT Our Children Act of 2008 also defined "child exploitation," for purposes of the Act, as "any conduct, attempted conduct, or conspiracy to engage in conduct involving a minor that violates section 1591, chapter 109A, chapter 110, and chapter 117 of title 18, United States Code, or any sexual activity involving a minor for which any person can be charged with a criminal offense." § 2.

Winczuk, 67 F. 4th at 14-16.

As noted above, the phrase "relating to the sexual exploitation of children" was originally added in 1996 to both enhancement provisions—the enhancement for one prior conviction as well as the enhancement for two prior convictions. Id. at 18. Prior to the 2006 amendment, "[t]hat phrase was judicially construed by every circuit which addressed the issue as not being limited to the production of child pornography." Id. Ten years later, Congress replaced that phrase in the context of an enhancement for one prior conviction, but left it unchanged, despite the broad judicial interpretation of the phrase, in connection with the enhancement for two prior convictions. Id. Because courts "normally assume that, when Congress enacts statutes, it is aware of relevant judicial precedent," Ryan v. Gonzales, 568 U.S. 57, 66 (2013), the Court should assume that Congress was aware that the phrase had been broadly construed and its decision to leave the phrase unchanged provides implicit support for that broad construction.

Moreover, Congress has repeatedly amended Section 2251 both to expand its substantive reach and to add additional predicates for the recidivist enhancements, repeatedly broadening rather than narrowing the statute. Winczuk, 67 F. 4th at 18; see also Pavulak, 700 F.3d at 675 ("It is hard to fathom why Congress, seeking to increase the penalties for sexual offenses against children would have amended the twenty-five-to-fifty category to ensure that crimes beyond those involving visual depictions were included while silently limiting the qualifying crimes to visual depictions for the thirty-five-to-life category.").

Finally, in other contexts, Congress has defined "exploitation" as encompassing a broad range of criminal sexual conduct related to children. Winczuk, 67 F. 4th at 18 (citing

6

Adam Walsh Act § 704; PROTECT Our Children Act of 2008 § 2); <u>Sykes</u>, 65 F. 4th at 888 (noting that the Adam Walsh Child Protection and Safety Act. 120 Stat. 587 § 206 "defined the term 'offenses relating to the sexual exploitation of children' to include a list of federal offenses similar to those listed in § 2251(e), including sexual abuse of a minor under Chapter 109A of Title 18 and coercion or enticement of minors under Chapter 117 of Title 18—offenses that go beyond the production of child pornography'").

### D. Section 2251's Title Is Not to the Contrary

As in <u>Winczuk</u>, the defendant relies heavily on the argument that Section 2251 is titled "sexual exploitation of children" suggesting that such title signals the federal understanding of the phrase "sexual exploitation of children." (Def. Br. at 3). However, a title does not constitute a formal definition and cannot limit the plain meaning of the language as described above.[2]

### E. Conclusion

For all of the reasons set forth above, the defendant's prior convictions constitute predicate convictions triggering the 35-year mandatory minimum pursuant to 18 U.S.C. § 2251(e).

## II. The Application of the Enhancements Is a Question for the Court

Second, the defendant argues that whether his prior convictions fall within the scope of the provision of 18 U.S.C. § 2251(e) providing for statutory enhancements is a question for the jury pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). This argument is meritless. <u>See</u> <u>United States v. Bach</u>, 400 F.3d 622, 634 (8th Cir. 2005) (finding the sentencing enhancement under Section 2251 based on a prior conviction does not need to be presented to a jury). There is simply no factual dispute for the jury to resolve. Unlike the issues in <u>Apprendi</u> (the defendant's motivation to commit a crime) and the government's briefing in <u>Erlinger v.</u>

---

[2] Though the defendant does not make this argument, other defendants have asserted that courts should not interpret "sexual exploitation of children" broadly because it would render the phrase coterminous with the enumerated list of state predicates for the 25-year mandatory minimum based on a single prior conviction. This position is equally meritless. Some courts have found that "[t]o count as a state predicate of the 35-year minimum, an offense must 'relat[e] to the sexual exploitation <u>of children</u>,' whereas the 25-year minimum can also be triggered by sexual abuse and aggravated sexual abuse offenses generally." <u>Winczuk</u>, 67 F. 4th at 19; <u>see also</u> <u>United States v. Lockhart</u>, 749 F.3d 148, 150, 154-55 (2d Cir. 2014) (finding that analogous language in 18 U.S.C. § 2252 included sexual abuse of an adult). Others have suggested that the phrase "sexual exploitation of children" was intended to encompass a broader category of conduct than that enumerated in the context of one prior conviction. <u>Mills</u>, 850 F.3d at 698. Regardless, the Court does not need to determine the outer bounds of the phrase "sexual exploitation of children" as under any reasonable definition considering conduct beyond the production of child pornography, attempted criminal sexual acts or sexual abuse of a child would qualify.

United States (a fact-based assessment of whether predicate convictions were committed on occasions different from one another), on which the defendant relies, whether the defendant's prior convictions fall within the scope of the statutory language of the penalty provisions of 18 U.S.C. § 2251(e) is a purely legal question for the Court to resolve.[3]  Moore, 71 F. 4th at 394 (describing the issue as "a pure question of statutory interpretation"); Winczuk, 67 F. 4th at 14 (describing the issue as a "question of law"); see also United States v Portanova, 961 F.3d 252, 255 n.11 (3rd Cir. 2020) (finding in the analogous context of Section 2252 that the assessment of a predicate conviction for purposes of a sentencing enhancement "is a legal, rather than factual determination" that need not be submitted to the jury).

Contrary to the defendant's assertion, the use of the language "relating to" in the statute does not alter the fundamental character of the question before the Court:  whether the defendant's prior convictions, as a matter of law, fall within the scope of the statute's penalty enhancement provision.  It is not even clear what factual question the jury would be expected to answer.  Instead, the defendant essentially proposes that the jury be tasked with a matter of statutory interpretation—what types of offenses did Congress intend to include when it used the language "relating to the sexual exploitation of children"?  Such questions of statutory interpretation are matters for the Court and not the jury.  Notably, every case cited above in connection with the defendant's first argument applied the Section 2251 sentencing enhancements based on the court's finding that the defendant's prior convictions related to the sexual exploitation of children.  See, e.g., Moore, 71 F. 4th at 394 (district court applying the enhancement over the defendant's objection following his plea of guilty to a violation of § 2251); Winczuk, 67 F. 4th at 13-14 (same); Sykes, 65 F. 4th at 874, 884 (district court applying enhancement following guilty verdict at trial).  Further, the defendant has failed to point to a single case in any district in which the question was put to the jury.

Importantly, "[t]o determine whether a defendant's convictions under an indivisible state law qualify as 'predicate offenses' under a federal statute, [the court] 'look[s] only to the statutory definitions'—i.e., the elements—of the defendant's prior offenses, and not, 'to the particular facts underlying those convictions.'"  Moore, 71 F. 4th at 394-95 (quoting Descamps v. United States, 570 U.S. 254, 261 (2013)).  Thus, in assessing whether a prior conviction is related to the sexual exploitation of children, the court looks at the elements of the defendant's prior offenses and not to the particular facts underlying the convictions.[4]  See

---

[3]  The fact of the prior convictions is not in dispute and falls within the exception set forth in Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998); see also Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)).

[4]  The defendant argues that the government's brief in Erlinger, 23-370 (2d Cir.), supports his contention that a jury determination is necessary.  That is incorrect. The government's brief in Erlinger expressly differentiates circumstances in which a determination regarding a predicate conviction is evaluated using a categorical approach (like here, in which case the court may make the determination) compared to the "holistic" approach required to evaluate whether a defendant's prior offenses took place on different occasions, which "requires

<u>Moore</u>, 71 F. 4th at 394-95.  This circumstance is similar to the question of whether a crime is a crime of violence for purposes of a conviction pursuant to 18 U.S.C. § 924(c).  In such cases, the Court instructs the jury whether a certain crime constitutes a crime of violence because the assessment is strictly one of statutory interpretation.  <u>See, e.g.</u>, <u>United States v. Morrison, et al.</u>, 20-CR-216 (AMD) (EDNY) (ECF No. 167 at 30) (instructing the jury that Hobbs Act robbery is a crime of violence).  It is <u>not</u> a question for the jury.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:        /s/
        Rachel A. Shanies
        John O. Enright
        Assistant U.S. Attorneys
        (718) 254-6140

cc:    Clerk of the Court (PKC) (by ECF)
       Benjamin Yaster, Esq. (by E-Mail)
       Samuel Jacobson, Esq. (by E-Mail)

---

consideration of factual circumstances surrounding a defendant's prior convictions." (ECF 73-1 at 8-9).